UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TRUSTEES OF LOCAL 371 UNITED FOOD
AND COMMERCIAL WORKERS UNION        Docket No.: 3:17-cv-0050
AMALGAMATED WELFARE TRUST FUND and
LOCAL 371, UNITED FOOD AND COMMERCIAL
WORKERS UNION,

                               Plaintiffs,

      -against-

WHITNEY MANOR OPERATING COMPANY, LLC

                               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## COMPLAINT

Plaintiffs Trustees (the "Fund Trustees") of Local 371 United Food and Commercial Workers Union Amalgamated Welfare Trust Fund (the "Fund"), and Local 371, United Food and Commercial Workers Union ("Local 371")(collectively "Plaintiffs"), by and through their counsel, Rivkin Radler LLP and John J. Radshaw III, Esq., as and for their Complaint against Defendant Whitney Manor Operating Company, LLC ("Defendant" or "Whitney Manor"), hereby allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action for damages and injunctive relief pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132 and 1145)("ERISA"), as well as Section 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185)(the "LMRA"), based on Defendant's violation of its statutory and contractual obligations to contribute to the Fund pursuant to a collective bargaining agreement between Defendant and Local 371.

## THE PARTIES

2.  Plaintiff Fund Trustees are the trustees of the Fund, a jointly-administered, multi-employer welfare fund that has been established and maintained pursuant to collective bargaining agreements between Local 371 and various employers in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3), and 502(d)(1) of ERISA, 29 U.S.C. §§1002(2), (3) and 1132(d)(1), and is a multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Fund Trustees are fiduciaries within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§ 1002(21) and 1132, and bring this action in their fiduciary capacity. The Fund maintains its offices at, and is administered from, 290 Post Road West, Westport Connecticut 06881.

3.  Plaintiff Local 371 is a labor organization within the meaning of Section 3 of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA") (29 U.S.C. § 402), which represents employees in an industry affecting commerce as defined in Section 501 of the LMRA (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). Local 371 maintains its offices and principal place of business at 290 Post Road West, Westport Connecticut 06881.

4.  Upon information and belief, Defendant Whitney Manor is a Connecticut limited liability company with its principal place of business at 2798 Whitney Ave Hamden, Connecticut. Defendant is an "Employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§1002(5) and 1145), and was and is an Employer in an industry affecting commerce within the meaning of Section 501 of the LMRA (29 U.S.C. §142).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to: (i) Section 502(e)(1) and 502(f) of ERISA (29 U.S.C. §1132 (e)(1) and §1132(f); (ii) Section 301 of the LMRA (29 U.S.C. § 1985); (iii) 28 U.S.C. § 1331; (iv) 28 U.S.C. § 1337; and (v) 28 U.S.C. § 1367.

6. Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on the Defendant in any District in which it may be found, pursuant to section 502(e)(2) of ERISA (29 U.S.C. §1132 (e)(2)).

## ALLEGATIONS COMMON TO ALL CLAIMS

7. The Fund exists to provide hospitalization, major medical, pharmaceutical and other welfare benefits to eligible employees.

8. Employers, such as Defendant, contribute to the Fund on behalf of eligible employees pursuant to collective bargaining agreements between the employers and Local 371. Without the requisite contributions from employers such as Defendant, the Fund would be unable to provide much-needed welfare benefits to eligible employees.

9. At all relevant times herein, Defendant has been a party to and bound by a collective bargaining agreement with Local 371 (the "CBA"), which remains in full force and effect. By its actions, Defendant has manifested its specific intent to be bound by the CBA.

10. Pursuant to the CBA, Defendant is obligated to make monthly health and welfare contributions to the Fund for all eligible employees.

11. Local 371 has performed all of its obligations under the CBA.

12. Local 371 has provided Defendant with all of the information necessary to permit Defendant to make the requisite monthly health and welfare contributions to the Fund for all eligible employees.

13. Defendant failed to make the requisite monthly health and welfare contributions to the Fund for the months of September 2016, October 2016, December 2016 and January 2017.

14. Despite Plaintiffs' demands, Defendant has failed to remit the health and welfare contributions that are due and owing to the Fund under the CBA.

15. With respect to health and welfare contributions, Defendant is delinquent to the Fund in an amount to be determined at trial, but exceeding $170,000.00.

16. By failing, refusing or neglecting to pay and/or submit the required monetary contributions, Defendant has violated its obligations under the CBA and has also violated ERISA.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Violation of ERISA – Sections 502 and 515)

17. Plaintiffs incorporate, as though fully set forth herein, each and every allegation in paragraphs 1 through 17 above.

18. Section 515 of ERISA requires every employer that is obligated to make contributions to a benefit plan under the terms of a collective bargaining agreement to make such contributions in accordance with the terms and conditions of the plan or the agreement.

19. Section 502 of ERISA permits, among other things, plan fiduciaries, such as Plaintiffs Fund Trustees herein, to bring an action to redress violations of Section 515 of ERISA.

20. As a result of work performed pursuant to the CBA by Defendant's employees, Defendant became obligated to make contributions to the Fund during the period between

September 2016 through January 2017 in an amount to be established at trial, but exceeding $160,000.00.

21. No part of the contributions contractually due to the Fund for the months of September 2016, October 2016, December 2016 and January 2017 has been paid by Defendant, although all contributions are due and have been duly demanded.

22. Defendant's failure to make such contributions constitutes a violation of the CBA as well as Section 515 of ERISA.

23. Accordingly, pursuant to the CBA and Sections 502 and 515 of ERISA, Defendant is liable to the Fund for the following:

(i) benefit contributions due to the Fund in an amount to be established at trial, but exceeding $170,000.00;

(ii) interest on the unpaid contributions at the rate set forth in the United States Internal Revenue Code (26 U.S.C. § 6621); and

(iii) reasonable attorneys' fees, costs and disbursements incurred in the prosecution of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(LMRA §301 - Breach of Contract – Fund Contributions)**

24. Plaintiffs incorporate, as though fully set forth herein, each and every allegation in paragraphs 1 through 23 above.

25. The CBA constitutes a binding and enforceable contract between Local 371 and Defendant.

26. Local 371 and Defendant intended that the Fund be a third-party beneficiary of the CBA, inasmuch as – among other things – the CBA requires Defendant to remit health and welfare contributions to the Fund.

27. As a result of work performed pursuant to the CBA by Defendant's employees, Defendant became obligated to make contributions to the Fund during the period between September 2016 through January 2017 in an amount to be established at trial, but exceeding $170,000.00.

28. No part of the contributions contractually due to the Fund for the months of September 2016, October 2016, December 2016 and January 2017 has been paid by Defendant, although all contributions are due and have been duly demanded.

29. The failure of Defendant to make the required contributions to the Fund constitutes a breach of the CBA.

30. As a result of the Defendant's breach of the CBA, the Fund has been damaged in an amount to be determined at trial, but exceeding $170,000.00.

**AS AND FOR A THIRD CLAIM FOR RELIEF**
**(Claim For Injunctive Relief Pursuant To ERISA)**

31. Plaintiffs incorporate, as though fully set forth herein, each and every allegation in paragraphs 1 through 30 above.

32. Pursuant to Section 209 of ERISA, Defendant is required, among other things, to maintain adequate records regarding the hours worked by its employees for whom fringe benefit contributions have accrued and/or are required to be paid over to the Fund.

33. Defendant is obligated to provide Plaintiffs with information necessary to determine Defendant's compliance with its obligations under the CBA.

34. Pursuant to Section 502 of ERISA, and the CBA, Plaintiffs are entitled to an Order compelling Defendant to produce to the Plaintiffs' auditors all books and records necessary to permit Plaintiffs' auditors to conduct a payroll audit and an Order imposing liability

for all unpaid benefit contributions that are reported by such audit, plus interest, audit fees, costs, disbursements, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiffs demand that a Judgment be entered against the Defendant, as follows:

A. on the First Cause of Action, benefit contributions due to the Fund in an amount to be established at trial, but believed to presently exceed $170,000.00; interest on the unpaid contributions as well as reasonable attorneys' fees, costs and disbursements incurred in the prosecution of this action;

B. on the Second Cause of Action for the Fund Trustees, compensatory damages in an amount to be determined at trial, but believed the presently exceed $170,000.00, as well as interest, costs, disbursements, and reasonable attorneys' fees incurred in the prosecution of this action;

C. on the Third Cause of Action, compelling Defendant to produce to the Plaintiffs' auditors all books and records necessary to permit Plaintiffs' auditors to conduct a payroll audit and to impose liability on Defendant for all benefit contributions determined to be unpaid by such audit, plus interest, audit fees, costs, disbursements, and reasonable attorneys' fees; and

D. for such other and further relief as to the Court may seem just and proper.

Dated:     New Haven, Connecticut
           January 11, 2017

                                        RIVKIN RADLER LLP

                                        Barry I. Levy (CT 25595)
                                        926 RXR Plaza
                                        Uniondale, New York 11556
                                        (516) 357-3000

                                              -and-

[signature]

John J. Radshaw III (CT19882)
900 Chapel Street, Suite 620
New Haven, Connecticut 06510
(203) 654-9695

*Counsel for Plaintiffs, Trustees of Local 371*
*United Food and Commercial Workers Union*
*Amalgamated Welfare Trust Fund and United*
*Food and Commercial Workers Union, Local 371*